**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DALLAS CITY PACKING COMPANY, Respondent.**

**No. 15677.**

United States Court of Appeals
Fifth Circuit.

Jan. 20, 1958.

Stephen Leonard, Associate Gen. Counsel, Arnold Ordman, Atty., Theophil C. Kammholz, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Jerome D. Fenton, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Morris A. Solomon, Atty., National Labor Relations Board, Washington, D. C., for petitioner.

Emil Corenbleth, Dallas, Tex., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

On April 8, 1955, nearly three years ago, the National Labor Relations Board issued its decision and order reported at 112 N.L.R.B. 63, directing the respondent, Dallas City Packing Company, to bargain collectively with a Union which had been certified by the Board as the bargaining representative of its employees. The respondent admittedly refused to bargain with the Union. Such refusal was based upon two grounds: (1) a challenge to the Board's jurisdiction over respondent's operations; and (2) a denial of the validity of the election upon which the certification was based.

The Board petitioned this Court for enforcement of its order. On February 29, 1956, this Court decided the first ground against the respondent. The second ground was not definitely decided, but this Court, held that the Board should have afforded respondent an opportunity to make proof of its objections to the election. Our opinion concluded as follows:

"* * * We think the opportunity to make proof should have been given. If the respondent's charges are well founded and the employees were not free from Union interference or coercion, the certification should be set aside. This is a matter for initial determination by the Board.

"The case is remanded to the Board for the taking of such admissible testimony as may be relevant to a determination of whether the validity of the election may have been affected by unlawful Union interference or coercion by the distribution of the pamphlet or the activities of Diamond Watson as a Union representative. The Board will thereafter make a further order incorporating its findings and conclusions, pending which the petition for enforcement is Denied.

"Borah, Circuit Judge dissents."

National Labor Relations Board v. Dallas City Packing Co., 5 Cir., 230 F.2d 708, 711-712.

On April 30, 1956, after this Court's order of remand, the Board reopened the representation proceeding in which the respondent had initially urged its objections to the election. After the taking of extensive testimony, the Hearing Officer, on August 3, 1956, made his report, finding that the election was regularly and fairly conducted, that the respondent's objections were not sustained by the evidence, and recommending "that the Certification of Representatives issued by the Board on September 21, 1954, be reaffirmed, and that the Board make a further order incorporating its findings and conclusions herein, as directed by the United States Court of Appeals, Fifth Circuit."

The respondent filed exceptions to the report. On November 19, 1956 the Board entered its supplemental decision reported at 116 N.L.R.B. 1609. The Board adopted the findings, conclusions and recommendations of the Hearing Officer with certain additions and reaffirmed the Certification of Representatives of September 21, 1954 and the bargaining order previously issued against the respondent. The respondent's motion for rehearing was denied by the Board on December 20, 1956. The Board

then filed a supplemental petition for the enforcement of its order.

The respondent first insists that the petition for enforcement should be dismissed, claiming that:

"The Board cannot reaffirm its certificate of representation of September 21, 1954. The most that can be said is that by the use of the word 'reaffirm' the Board meant it now certifies the Union as the representative of the employees. We do not know whether the certification as of November 19, 1956, is good or not, but it is all that the Board has to rely on."

Instead of definitely holding that the respondent had committed no unfair labor practice in refusing to bargain with the Union, as was done in N. L. R. B. v. Sidran, 5 Cir., 1950, 181 F.2d 671, this Court remanded the case to the Board for the taking of additional testimony and the making of a further order incorporating the Board's findings and conclusions, *"pending which the petition for enforcement is denied."* (Emphasis supplied.) Instead of holding that the Certification of Representatives was a nullity, we had held that if respondent's charges are well founded "the certification should be set aside."

We think that holding was permissible. If it was not, respondent should have objected on petition for rehearing, but no such petition was filed.

Further, as has been noted, the Hearing Officer's report of August 3, 1956 recommended that the Certification of Representatives issued by the Board on September 21, 1954 "be reaffirmed." The respondent filed eighty-one exceptions to that report. Its principal exception was thus soundly answered in the Board's decision:

"The Respondent excepts to the fact that the hearing on the remand was designated as a supplemental hearing to the representation election case rather than a hearing in the unfair labor practice case. Section 9(c) of the Act [29 U.S.C.A. § 159(c)] provides that in cases of this kind, involving a refusal to bargain predicated on a Board Certification of Representatives, the record in the representation proceeding automatically becomes a part of the record in the subsequent unfair practice case. Consequently, the supplemental hearing herein is a part of the instant complaint record and we perceive no error or prejudice to the Respondent in the manner which the Board administratively adopted in complying with the remand order of the Court. In these circumstances, and as the Respondent had full opportunity in the supplemental hearing to, and did, present and cross-examine witnesses with respect to its objections to the election, we find no merit in the Respondent's exception."

The provisions for court review of Board orders are limited to orders restraining unfair labor practices, and extend to representation proceedings only as incidental to and as a part of the record upon which such orders are based.[1] In reviewing the unfair labor practice order, the court treats the two proceedings as "really one."[2]

Nowhere in the lengthy exceptions do we find any contention that it was beyond the power of the Board to reaffirm its Certification of Representatives.

Still further, after the Board in its Supplemental Decision of November 19, 1956 did "reaffirm the Certification of Representatives of September 21, 1954," the respondent did not, on its motion for rehearing, contend that such reaffirmation was beyond the power of the Board. If the point had been raised, it is pos-

1. A. F. of L. v. National Labor Relations Board, 308 U.S. 401, 409–411, 60 S.Ct. 300, 84 L.Ed. 347.

2. Pittsburgh Plate Glass Co. v. National Labor Relations Board, 313 U.S. 146, 158, 61 S.Ct. 908, 85 L.Ed. 1251; N. L. R. B. v. Huntsville Mfg. Co., 5 Cir., 1953, 203 F.2d 430, 432.

sible that, out of an abundance of caution, there might have been a new Certification of Representatives, a new order to bargain with such representatives, and another refusal so to do. After all, enforcement of the Board's order can do no more than require the respondent to bargain in the future and post the appropriate notice to that effect. From a practical viewpoint, therefore, respondent's present objection to the Board's claimed lack of power goes to the form rather than the substance of the proceedings. In any event, not having been urged before the Board, it will not now be considered by this Court. See 29 U. S.C.A. § 160(e).

The respondent's claim that the election should be set aside because the Union had interfered with the employees' free choice of a bargaining representative was based upon two grounds: the distribution on the early morning of election day of the pamphlet described in our former opinion, 230 F.2d at page 710; and the activities on election day of Diamond Watson as a Union representative. The pamphlet was an answer to respondent's letter of the preceding day. The answer was made at the only time and place available to the Union. The Board pointed out that, within the last twenty-four hours before an election, campaign speeches are prohibited[3] but campaign literature is permitted.[4] The Board found that the statements in the pamphlet "are not basically false or fraudulent." It adopted what we think was the proper standard when it adhered to its previous ruling that the test is "whether or not the conduct charged reasonably tends to interfere with the voters' free choice," [5] and further stated:

"* * * The Board traditionally has held that, absent threats or other elements of intimidation, it will not undertake to censor or police union campaigns or consider the truth or falsity of official union utterances unless the ability of the employees to evaluate such utterances has been so impaired by the use of forged campaign material or other campaign trickery that the uncoerced desires of the employees cannot be expressed in the election."

The Board searchingly examined Watson's status and conduct and found the charge that he improperly influenced the election not supported by the record. The burden of sustaining its objection rested on the respondent.[6] We think that the findings of fact by the Board are supported by substantial evidence on the record considered as a whole.[7] Indeed, we agree with its findings. The order of the Board is therefore

Enforced.

---

3. See Peerless Plywood Case, 107 N.L. R.B. 427.

4. See H. N. Hills Brass Co. case, 114 N.L. R.B. 35.

5. Citing Bloomingdale Brothers, Inc., 87 N.L.R.B. at 1329, n. 10, and American Tool Workers of Hartford, Inc., 102 N.L.R.B. 1143, 1149.

6. N. L. R. B. v. Huntsville Mfg. Co., 5 Cir., 1953, 203 F.2d 430, 433.

7. The test prescribed by 29 U.S.C.A. § 160(e).