MANNING, MAXWELL & MOORE, IN-
CORPORATED, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 20674.

United States Court of Appeals
Fifth Circuit.

Nov. 27, 1963.

Andrew P. Carter, Eugene G. Taggart, Monroe & Lemann, New Orleans, La., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Joseph C. Thackery, Atty., Arnold Ordman, Gen. Counsel, Warren M. Davison, Attys., N. L. R. B., Washington, D. C., for respondent.

Before RIVES, JONES and WISDOM, Circuit Judges.

PER CURIAM.

The petitioner, Manning, Maxwell & Moore, Inc., entered into an agreement for a consent election as to whether a unit of its employees would have the International Union of Operating Engineers, AFL–CIO, as a bargaining agent. The agreement stated that in the event of objections to the election, the investigation and determination of the Regional Director would be final and binding. The unit contained 397 eligible voters, of which 380 cast ballots; 203 ballots were cast for the union and 177 were cast against the union. The petitioner filed objections to the election, but after an investigation, the Acting Regional Director overruled these objections. He found that three anonymous, threatening telephone calls had been made, and that a voter had alleged that he had been personally threatened by another employee to the effect that the union would have him fired if he did not vote for it. The Director ruled that the three isolated telephone calls did not create an atmosphere of fear of reprisal such as to render a free expression of choice impossible. Without deciding whether the alleged remark made by the one employee to another was in fact made, the Director ruled that such a threat, not ratified or condoned by the union, made by a rank-and-file employee who was not an officer of the union and who had no power to carry such a threat out, also did not create a sufficient atmosphere of fear. The petitioner filed no exceptions to this ruling, but when the union requested bargaining, the petitioner refused on the basis that the election was not valid. An unfair labor practice proceeding based on petitioner's refusal to bargain in accordance with section 8(a) (5) of the National Labor Relations Act, 29 U.S.C. § 158(a) (5), resulted, and the trial Examiner and the National Labor Relations Board ruled against petitioner. 143 NLRB No. 4 (June 24, 1963). The case is now before this Court on a petition to review and set aside the order of the Board and a cross-petition for enforcement.

The petitioner argues that an election must be set aside whenever employees receive anonymous, threatening telephone calls, regardless of whether or not the number of employees receiving such calls is sufficient to affect the outcome of the election. However, where a consent agreement to an election makes the determination of the Regional Director final and binding, such a determination is conclusive unless he acts arbitrarily or capriciously, or out of line with Board policy or the Act's requirements; and assertions of mere error are not sufficient. N. L. R. B. v. Parkhurst Manufacturing Co., 8 Cir. 1963, 317 F.2d 513. It was the duty of the Director to determine whether the conduct reasonably tended to interfere with the voters' free choice so that the uncoerced desires of the employees could not be expressed in the election. See N. L. R. B. v. Dallas City Packing Co., 5 Cir. 1958, 251 F.2d 663, 666. Where there was no proof that the conduct was attributable to the union and where the number of voters threatened was insufficient to affect the outcome of the election, it can hardly be said that the Director acted arbitrarily in upholding the election. Compare N. L. R. B. v. Tampa Crown Distributors, Inc., 5 Cir. 1959, 272 F.2d 470.

The petitioner asserts that at the unfair labor practice hearing before the Board it offered proof of additional threats of the same nature, but that this offer was wrongfully rejected. However, even if it be assumed that such an offer was properly made, it was not error to reject the offer, for when evidence is offered for the first time in the unfair

labor practice proceeding, it need not be admitted unless newly discovered or previously unavailable. See, e. g., N. L. R. B. v. Parkhurst Manufacturing Co., supra, 317 F.2d at 518–519. There was no such showing in the instant case.

The petition to review is denied and the order enforced.