NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

BILL'S INSTITUTIONAL COMMISSARY
CORPORATION, Respondent.

No. 27225.

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Paul J. Spielberg, Robert E. Williams, Attys., N. L. R. B., Washington, D. C., John F. LeBus, Dir., Region 15, N. L. R. B., New Orleans, La., for petitioner.

Hobart Hector, Jr., Emile C. Ott, Charles Clark, Jackson, Miss., for respondent; Fuselier, Hector, Robertson & Ott, Jackson, Miss., of counsel.

Before JOHN R. BROWN, Chief Judge, and JONES and CARSWELL, Circuit Judges.

CARSWELL, Circuit Judge:

This is a petition pursuant to Section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq., for enforcement of an Order of the National Labor Relations Board. .

The Board found that the Company violated § 8(a) (5) and (1) of the Act by refusing to bargain with the Union, Local 270, General Truck Drivers, Chauffeurs, Warehousemen & Helpers, affiliated with the International Brotherhood of Teamsters, following certification. The Company filed timely objections to the election which the Union won by a 6 to 2 vote with one challenged ballot. The Company's objections were based upon alleged Union threats and upon alleged misrepresentations in a letter distributed by the Union prior to the election. We agree with the Board that the alleged coercion does not warrant setting aside the election, but we remand the case for a full evidentiary hearing to properly evaluate the effect, if any, on the election, of misrepresentations contained in the Union letter.

The Company requested and was denied a hearing on the objections both during the Representation proceeding and the Unfair Labor Practice proceeding. The Regional Director concluded that the objections were without merit and certified the Union. The Board denied the Company's request for review and adopted the Regional Director's findings. The Company refused to bargain and was found in violation of § 8(a) (5) and (1) of the Act.

■■ In regard to the alleged Union threats, the Regional Director assumed the truth of the allegations and concluded that the events could not be attributed to the Union, and that they were too isolated to have destroyed the atmosphere requisite to conducting a free election. In reviewing Board determinations it is well settled that this Court's primary function is to determine whether the Board has violated the standard of "reasonableness" in the exercise of its wide discretion. See Pepperell Manufacturing Co. v. N. L. R. B., 403 F.2d 520, 522 (5th Cir. 1968). It is also well settled that in order to be entitled to a hearing on specific objections, the objecting party must come forth with spe-

cific facts constituting a prima facie case of election irregularities. N. L. R. B. v. O. K. Van Storage, Inc., 297 F.2d 74, 75 (5th Cir. 1961); N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 335 F.2d 245, 250 (5th Cir. 1964).

■ No purpose would be served by relating, in full, the alleged incidents of coercion. After a full review of the record this Court is of the opinion that the Regional Director's conclusions in regard to the threats are neither unreasonable nor unsupportable on the record as a whole. The record reveals that the alleged coercion took place some three weeks prior to the election. There is no evidence that the employees making the threats were acting for the Union. See Shoreline Enterprises of America, Inc. v. N. L. R. B., 262 F.2d 933, 69 A.L.R.2d 1174 (5th Cir. 1959). Furthermore, the Company has failed to offer any evidence that the incidents created an "atmosphere of fear of reprisal such as to render a free expression of choice impossible." Manning, Maxwell & Moore, Inc. v. N. L. R. B., 324 F.2d 857, 858 (5th Cir. 1963).

We now turn to the Company's objection, as filed, which involves a claim of misrepresentation of obtainable benefits contained in a letter distributed by the Union. The following are the pertinent portions of the letter distributed by the Union prior to the election and objected to by the Company as misleading:

"* * * For your consideration I have enclosed a page from one of many contracts that the Teamsters now have in force with the same type companies that you work for now.

"Look over these wages and see for yourself just what you should be getting and compare them with your present wages; and then, ask that old boss if he really has your welfare in mind, or does he want to keep you in the dark.

Sincerely,
TEAMSTER LOCAL NO. 270
/s/ Eugene Brown
Business Agent"

Attached thereto was a wage scale agreement taken from a collective bargaining contract. The letter concluded: "P.S. This could be yours."

The Regional Director after conducting an ex-parte investigation found that the wage scale was "a photocopy of Article III—Wages from a contract that a sister Local 816 has with Horn and Hardart Co., Inc. of New York." The Regional Director concluded that "there was no misrepresentation by the Petitioner in connection with this literature."

■ On the basis of the record the finding of no misrepresentation is clear error. The letter, fairly read, purports to assure the employees that the Union can or will obtain similar if not identical benefits for them. The need for precision in the discussion and representation of obtainable wages and benefits was articulated by this Court in N. L. R. B. v. Houston Chronicle Publishing Company, 300 F.2d 273 (5th Cir. 1962), and was reaffirmed in National Cash Register Co. v. N. L. R. B., 5 Cir., 415 F.2d 1012 (August 20, 1969). The present letter clearly implies that the stated wages were obtainable or in existence in the New Orleans area, when in fact the wage scale was taken from a New York contract. This broad statement contravenes the requirement of precision in such matters. See Graphic Arts Finishing Co., Inc. v. N. L. R. B., 380 F.2d 893 (1967). Claims involving wages and benefits which are based upon unstated hypotheses constitute a prima facie misrepresentation. N. L. R. B. v. Houston Chronicle Publishing Co., supra, 300 F.2d at 279.

Whether this misrepresentation had a significant impact upon the election cannot now be determined since unlike National Cash Register Co. v. N. L. R. B., supra, and N. L. R. B. v. Houston Chronicle Publishing Co., supra, this Court is not favored with a complete record of the facts. It is clear that neither the Regional Director nor the Board has considered or applied the factual tests promulgated by the Board and adopted by this Court in N. L. R. B. v. Houston Chronicle Publishing Co., 300 F.2d at 278, and National Cash Register Co. v. N. L. R. B., supra.

"* * * As a guide to determining whether employees could evaluate propaganda, the Board frequently considers (1) whether the promulgating party had special knowledge of the facts asserted, thus making it more likely that the employees would rely on them; and (2) whether the challenging party had the opportunity to or did rebut the false assertions. Celanese Corporation of America, 121 NLRB No. 42, 42 LRRM 1354 (1958). These, of course, are merely useful factual tests for ascertaining whether the legal standards have been transgressed; that is, whether the effect of circumstances surrounding an election was such that the results of the election reflect the desires of the employees, free of improper influence."

■ It cannot be denied that in regard to the origin of the wage scale contained in the letter, the Union was in a superior position of knowledge. Moreover, substantial doubts arise as to whether the Company had either sufficient knowledge or time to rebut the letter. Nor will this Court attribute extraordinary powers of perspicacity to the employees. The state of the record, however, precludes the resolution of these doubts and requires this Court to remand this case to the Board for a full hearing on the Company's objection to the letter.

Enforcement of the Board order is denied and the case is remanded for a full hearing to determine the extent to which the Union misrepresentations affected the election.