NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

UNITED SHOE MACHINERY CORPO-
RATION, Respondent,

and

Local 271, United Electrical, Radio and
Machine Workers of America (UE),
Intervenor.

No. 7301.

United States Court of Appeals,
First Circuit.

June 25, 1971.

Glen M. Bendixsen, Atty., Washington, D. C., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Alice Andrews, Atty., Washington, D. C., were on brief, for petitioner.

William F. Joy, Boston, Mass., with whom Kevin B. Callanan and Morgan, Brown, Kearns & Joy, Boston, Mass., were on brief, for respondent.

Robert Z. Lewis and Frank J. Donner, New York City, on brief for Local 271, United Electrical, Radio and Machine Workers of America (UE), intervenor.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Respondent employer, United Shoe Machinery Corporation, in order to test the establishment of what it believed to be an improper bargaining unit of its so-called technical employees as determined by the National Labor Relations Board regional director, refused to bargain and faced a section 8(a) (1) and (5) charge. The Board upheld the director, and ordered respondent to bargain and to post the customary notices. 173 N.L.R.B. No. 122 (1968). On a petition for enforcement we declined to enforce, holding that it did not appear

from the opinion of the Board that consideration had been given to an item we regarded as important. We remanded for further consideration. NLRB v. United Shoe Mach. Corp., 1 Cir., 1969, 61 L.C. ¶10,354, 72 L.R.R.M. 2255. The Board, after review of the record, addressed itself to that issue, but again found against respondent. 185 N.L.R.B. No. 36 (1970). Respondent continued to refuse to comply, and the case is back before us.

■ Respondent objects to the renewed order solely on the ground that, as a matter of due process, it should be given a free opportunity to bargain, with what it now accepts as an appropriate unit, without the opprobrium of an order. Before reaching that question we note the Board's contention that respondent failed to comply with section 10(e) of the Act, so that we are prohibited from considering an objection "that has not been urged before the Board, its member, agent, or agency" absent "extraordinary circumstances." 29 U.S.C. § 160(e). Respondent answers that in a letter to the regional compliance officer and in a conference with the acting regional director following the Board's second decision, it registered its complaint.* We do not find this sufficient to comply with the "salutary policy adopted by section 10(e) of affording the Board opportunity to consider on the merits questions to be urged upon review of its order." Marshall Field & Co. v. NLRB, 1943, 318 U.S. 253, 256, 63 S.Ct. 585, 586, 87 L.Ed. 744. It is the Board's action of which respondent is complaining, not that of the regional director. So far as appears, the Board was never apprised, even indirectly, of the contents of the letter, as distinguished from the basic fact that respondent non-acquiesced. Neither the compliance officer nor the regional director had authority in the matter of further

review; nor were they agents for receipt of objections to the Board's actions. Beyond that, respondent's letter, footnote ante, even had it been communicated to the Board, was too broad, in our opinion, either to call attention to the narrow point now raised by respondent, see Singer Co. v. NLRB, 8 Cir., 1970, 429 F.2d 172, 181, or to suggest that this was its only point.

The practical consequence of respondent's improper objection is that the Board's brief before us seeking enforcement is devoted to supporting its unit determination, which it now finds respondent does not dispute. Much effort has been wasted. Furthermore, had the Board known what respondent's objection had been reduced to, it might well have saved time by moving for judgment under Local Rule 6. *Cf.* Magnesium Casting Co. v. Hoban, 1 Cir., 1968, 401 F.2d 516, cert. denied 393 U.S. 1065, 89 S.Ct. 720, 20 L.Ed.2d 708.

■ In point of fact we find no merit in respondent's due process claim. We may agree with it that a certain degree of opprobrium may be involved in any successful unfair labor practice charge, and disagree with the court's statement in NLRB v. Dallas City Packing Co., 5 Cir., 1958, 251 F.2d 663, 666, in a similar context that this is merely "form rather than substance." Respondent has postponed bargaining by making an erroneous claim. However, it has long been the fact that an employer takes the chances of whatever opprobrium there may be thought to be in not bargaining and then being faced with an order. Part of the process is that it will not be helped by a decision of the Board that the director's reasoning was wrong if, at the same time, the Board concludes that his result was correct. Respondent overstates its position when it says it should not suffer "the risk of error * * * when he is right." He (it)

---

* Respondent's letter read as follows.
    "[W]e wish to advise that the Respondent does not intend to comply with the Decision and Order of the Board as reaffirmed on the grounds that the Decision and Order of the Board as reaffirmed is contrary to constitutional principles of due process, the Labor Management Relations Act of 1947 as amended, and the Administrative Procedure Act, and is otherwise not warranted by law."

was not right. As stated by Mr. Justice Rutledge, "It has been settled that he takes the risk of his error when he mistakenly judges that the unit is not appropriate or for other reason that the duly selected or certified union is not entitled to recognition." May Department Stores Co. v. NLRB, 1945, 326 U.S. 376, 402, 66 S.Ct. 203, 218, 90 L.Ed. 145 (concurring opinion). In the absence of any pertinent authority in respondent's brief, we see no reason whatever why the situation should be any different because the Board has to pass on the matter a second time instead of only once. See NLRB v. Western and Southern Life Ins. Co., 3 Cir., 1968, 391 F.2d 119, 121, cert. denied 393 U.S. 978, 89 S.Ct. 445, 21 L.Ed.2d 439.

■ This is an appropriate case for the imposition of counsel fees under our decision in NLRB v. Smith & Wesson, 1 Cir., 1970, 424 F.2d 1072. We will hear first from the Board as to the amount of a suggested fee, and then afford respondent an opportunity to reply. * * * The court ultimately awarded $2,094.88. In the meantime, the order will be enforced, to become fully effective ten days from the date of this opinion, pursuant to our Standing Order of September 16, 1970.