**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BILL'S INSTITUTIONAL COMMISSARY CORPORATION, Respondent.**

No. 71-1507.

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1971.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Charles M. Paschal, Jr., Director, Region 15, N.L.R.B., New Orleans, La., William H. DuRoss, III, Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Paul J. Spielberg, Atty., N.L.R.B., for petitioner.

Emile C. Ott, Vardaman S. Dunn, Fuselier, Hector & Ott, Jackson, Miss., for respondent.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

The Labor Board here petitions for enforcement of its supplemental order against Bill's Institutional Commissary Corporation. This matter was previously before this court in NLRB v. Bill's Institutional Commissary, 5 Cir. 1969, 418 F.2d 405. At that time we found that a letter sent by the union to members of the relevant bargaining unit just prior to a representation election was prima facie misrepresentative. The record did not disclose whether the trial examiner had determined the impact of the letter and the case was remanded " * * * for a full hearing to determine the extent to which the Union misrepresentation affected the election." *Bill's Institutional Commissary*, supra, 418 F.2d at 407.

We directed that the hearing follow the criteria set out in NLRB v. Houston Chronicle Publishing Co., 5 Cir. 1962, 300 F.2d 273 at 278, in determining the impact question, and particularly (1) whether the party promulgating the misrepresentation had special knowledge of the facts asserted, and (2) whether the challenging party had the opportunity to or did rebut the false assertions. A third criterion has been sanctioned by this court since the decisions in *Houston Chronicle* and *Bill's Commissary* and was applied by the trial examiner on remand of this case. This criterion is whether the employees had independent knowledge of the misrepresented facts so as to allow them to effectively evaluate the propaganda. S. H. Kress & Co. v. NLRB, 5 Cir. 1970, 430 F.2d 1234 at 1239; NLRB v. Southern Foods, Inc., 5 Cir. 1970, 434 F.2d 717.

On remand, an adversary hearing was held before a trial examiner. The company was successful in establishing that it had no adequate opportunity to rebut the misrepresentation. The General Counsel was able, however, to present evidence that convinced the trial examiner that the employees had independent knowledge which would negate any false inference that might have been drawn from the letter in question.[1]

The General Counsel's evidence showed that four of five of the nine eligible voters in the bargaining unit were present at a meeting six days before the election where a union representative explained the wage scale information that was later put into the misleading letter. If understood by the employees, this information would have provided independent knowledge so as to allow them to effectively evaluate the propaganda in the letter.

In that the election was won by the union by a vote of six to two, it is of critical importance to know if the workers not present at this meeting had otherwise learned the truth concerning the contents of the letter. The trial examiner resolved this matter by drawing an inference that there must have been talk among the employees where it would have been revealed to those not in attendance at the meeting that the letter contained a misrepresentation.

There is no evidence that the employees who were not in attendance at the meeting were ever exposed to the correct information through talk or otherwise. The bargaining unit in question had only ten employees and they worked different shifts and at different places. Some employees had no contact with others in the unit, while the remaining employees had varying degrees of contact on the job. This situation does not easily support the inference that information sufficient to defuse the misrepresentation had circulated to all the employees in the bargaining unit.

Prior to the hearing, the company had attempted by motion to obtain the pro-

---

1. It was not disputed that the Union had special knowledge of the wage scale which we found to be a misrepresentation.

duction of the names of witnesses that the General Counsel would call at the hearing and any exhibits that it would introduce. This motion was denied. It is undisputed that when the General Counsel then introduced evidence, at the remand hearing, of the meeting with the union representative, it was a complete surprise to the company.

Moreover, this evidence was presented on rebuttal, the General Counsel having taken the position that the burden of proof was on the company. The examiner agreed and the company had first offered its proof.

When the union representative testified as to the meeting six days prior to the election, the company sought a continuance in order that it might investigate this testimony and determine if the correct information had actually been communicated to the non-attending employees. The trial examiner would grant only a 75 minute recess. The company sought a minimum continuance from Thursday noon until Monday morning. The examiner denied the motion and closed the evidence.

The board argues that although only one of the original ten employees in the bargaining unit was still with the company, the company could have used the 75 minute recess to contact that one employee at his home in order to make whatever investigation the company desired. However, we find this explanation to be unsatisfactory. The suggested investigation would have been inadequate for the purpose of determining if the absent employees had received the correct information.

The inconclusive nature of the evidence before the examiner on the issue of independent knowledge on the part of the non-attending employees, and the failure of the examiner to grant the company an opportunity to rebut inferences of independent knowledge on the part of these employees compels us to the conclusion that the mandate of this court in the prior decision was not followed. We ordered a full hearing on the impact of the misrepresentation and the hearing which followed was truncated by the failure to allow the company time within which to rebut surprise testimony. This is particularly so in light of the broad policy not to furnish the names of witnesses or to permit discovery. We believe that the additional illumination, if any, which may come from the company's efforts is necessary to resolve the issue of impact.

The other assignments of error on the part of the company have been considered and are without merit.

Enforcement of the board order is denied and the case is remanded so that the hearing on the issue of independent knowledge on the part of the employees in the bargaining unit may be completed.

Enforcement denied.