**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GOOCH PACKING COMPANY, Inc., and Gooch Blue Ribbon Meats, a Division of Gooch Packing Company, Respondents.**

**No. 71-2446.**

United States Court of Appeals, Fifth Circuit.

March 17, 1972.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Elmer P. Davis, Regional Director, N.L.R.B., Douglas S. McDowell, Atty., N.L.R.B., Fort Worth, Tex., for petitioner.

Joseph P. Parker, Fort Worth, Tex., for respondents.

Before BELL, DYER and CLARK, Circuit Judges.

## PER CURIAM:

That oft recurring question recurs once again. Should the Board have accorded the Company a post-election hearing? N.L.R.B. v. Singleton Packing Corp., 418 F.2d 275, 280 (5th Cir. 1969). Finding that an affirmative answer may be required here, we deny enforcement of the Board's order and remand for a determination of fact that will control whether a hearing will be required.

■■ The Board conducted an election at the Gooch Packing Co. (Company) on May 20, 1970, and the union won by the least possible whisker, 77 to 75— if one vote was swayed by impermissible union conduct, then no certification could be made. Under well-established law, a post-election hearing is not required unless the objections raised by the Company present "substantial and material factual issues". Fones v. N.L.R.B., 431 F.2d 417 (5th Cir. 1970); N.L.R.B. v. Decatur Transfer & Storage, Inc., 430 F.2d 763 (5th Cir. 1970); N.L.R.B. v. Golden Age Beverage Co., 415 F.2d 26 (5th Cir. 1969). The Company is required to supply the Board with exact and non-conclusory facts describing specific events from or about specific people which constitute a prima facie case of election irregularities. N.L.R.B. v. Bill's Institutional Commissary Corp., 418 F.2d 405 (5th Cir. 1969); N.L.R.B. v. Singleton Packing Corp., *supra*;

Southwestern Portland Cement Co. v. N.L.R.B., 407 F.2d 131 (5th Cir. 1969).

■ The question of whether a Company has presented the requisitely specific facts to raise substantial and material factual issues must always be answered in light of the context in which it is posed. There can be no abstract rules. The closeness of the election is obviously relevant. Conduct which could have affected only a few voters may not have any effect on the ultimate outcome of the election in cases where the vote disparity is large, but the same conduct in a close election could be determinative. In close vote election situations the Board is required to particularly and carefully scrutinize charges which in other cases would constitute immaterial or insubstantial objections to the election and, when the existence of hard evidence of irregularities is supplied, a full hearing to get at the truth should be accorded.

■ On the morning of the subject election, Wanda Case, a company employee and union organizer, was asked by another employee how much she had earned when she was employed by another meat packing company. She replied that she had earned 3.85 dollars an hour working in a position similar to that filled by the majority of the women in this plant. At least two and perhaps three other employees heard the woman's remark. This court has been furnished a copy of the contract then existing between the union and the rival packing company, and based on that document, it is highly unlikely she earned anywhere near the wage rate she claimed. If just one of these persons was influenced to vote for the union by this remark, then the union has won an election it should not have won. If supplied with adequate evidence that these facts existed, the Board should have conducted a hearing to sort substance from rumor and conjecture.

■ This brings us to a problem in this case which we cannot answer. The

Company claims, by sworn affidavits, that it submitted this contract to an agent of the Regional Director. The Regional Director denies that he or his agents received the contract. The Company had the duty of presenting the contract to the Regional Director since the burden is on the Company to come forward with specific evidence which establishes a prima facie case. "[I]t is not up to the Board staff to seek out evidence that would warrant setting aside the election." United States Rubber Co. v. N.L.R.B., 373 F.2d 602, 606 (5th Cir. 1967).

This court is not the forum for determining fact issues of this sort. The cause is remanded to the Board with directions to conduct an adversary hearing to determine whether or not the Regional Director or one of his agents was furnished a copy of the contract in question. If the Board finds that the contract was supplied, it should proceed to conduct a hearing on the Company's objection to this conduct. If it finds that the Company did not so supply such contract, it should certify that finding and the record on which it is based to this Court.

Remanded with directions.