**MAGNOLIA SCREW PRODUCTS, INC., Petitioner,**

v.

**N. L. R. B., Respondent.**

No. 75–2123.

United States Court of Appeals, Sixth Circuit.

Oct. 15, 1976.

Martin Jay Galvin, Dykema, Gossett, Spencer, Goodnow & Trigg, Ronald J. Santo, Detroit, Mich., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Margery Lieber, Washington, D. C., Bernard Gottfried, Regional Director, N. L. R. B., Detroit, Mich., for respondent.

Before PHILLIPS, Chief Judge, and McCREE and LIVELY, Circuit Judges.

PER CURIAM.

This matter is before the court on a petition to review a decision and order of the National Labor Relations Board and a cross-application for enforcement. The decision and order of the Board is reported at 220 N.L.R.B. 316.

An election held at the direction of a regional director resulted in a vote of 21 ballots for representation by the union (UAW), and 17 ballots against representation. The company filed timely objections, based on alleged misconduct of the union which it was claimed had affected the outcome of the election. According to the brief of the petitioner, Magnolia Screw Company, the regional director ". . . conducted an administrative investigation during which the parties were afforded an opportunity to submit evidence bearing on the issues." The regional director rejected all of the petitioner's objections and certified the union as exclusive bargaining representative of petitioner's employees.

The petitioner then filed a request for review of the regional director's disposition of its objections and this was denied by the Board. The petitioner refused to bargain and the union filed unfair labor practices charges. Upon transfer of the case the Board issued a notice to petitioner to show cause why summary judgment should not be entered on the unfair labor practices charges. Thereafter summary judgment was entered ordering the petitioner to bargain collectively with the union.

At oral argument counsel for petitioner stated that petitioner's entire case rested upon the proposition that the evidence before the regional director established a prima facie case of substantial election irregularities which necessitated a full evidentiary hearing. We have searched the record for such evidence. All that we have found is the document styled "Objections of Employer to Conduct of Petitioner Improperly Affecting Election" filed by Magnolia Screw Products with the regional director, a copy of which is appended hereto as an exhibit.

In *N. L. R. B. v. Tennessee Packers, Inc.,* 379 F.2d 172, 178 (6th Cir.), *cert. denied,* 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967), this court stated:

In order to raise "substantial and material factual issues", it is necessary for a party to do more than question the interpretation and inferences placed upon the facts by the Regional Director. * * * It is incumbent upon the party seeking a hearing to clearly demonstrate that factual issues exist which can only be resolved by an evidentiary hearing. The exceptions must state the specific findings that are controverted and must show what evidence will be presented to support a contrary finding or conclusion. * * * Mere disagreement with the Regional Director's reasoning and conclusions do not raise "substantial and material factual issues." This is not to say that a party cannot except to the inferences and conclusions drawn by the Regional Director, but that such disagreement, in itself, cannot be the basis for demanding a hearing. To request a hearing a party must, in its exceptions, define its disagreements and make an offer of proof to support findings contrary to those of the Regional Director. The Board is entitled to rely on the report of the Regional Director in the absence of specific assertions of error, substantiated by offers of proof.

The purpose behind the rule which requires a hearing only when "substantial and material factual issues" are raised is to avoid lengthy and protracted proceedings, and eliminate unnecessary delays in certifying the results of an election. If a hearing is required to be held on all exceptions to an election or report of a Regional Director, it would unduly lengthen and prolong labor unrest, contrary to the very purposes of the National Labor Relations Act. (Citations omitted)

In *N. L. R. B. v. Gooch Packing Company,* 457 F.2d 361 (5th Cir. 1972), the court found that the union had won an election "by the least possible whisker." *Id.* at 362. Nevertheless the court held that "[t]he Company is required to supply the Board with exact and non-conclusory facts describing specific events from or about specific people which constitute a prima facie case of election irregularities" in order to require a post-election hearing. *Id.* The objections filed by petitioner in the present case do not contain sufficient specificity to constitute a prima facie case. The objections contain no names or exact dates. Petitioner's reliance upon this court's decision in *Argus Optics v. N. L. R. B.,* 515 F.2d 939 (6th Cir. 1975), is misplaced. There the objections referred by date to two particular letters from the union and employees. The particular statements in these letters which were claimed to constitute misrepresentations were set out in detail. The objections in *Argus Optics* were sufficiently specific to require a hearing.

The petition for review is denied and the cross-application for enforcement is granted.

## APPENDIX

UNITED STATES OF AMERICA
BEFORE THE
NATIONAL LABOR RELATIONS BOARD
SEVENTH REGION

MAGNOLIA SCREW PRODUCTS, INC.,

    Employer,

– and –

INTERNATIONAL UNION, UNITED AUTO-MOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW,

    Petitioner,

Case No. 7–RC–12649

132

## OBJECTIONS OF EMPLOYER
## TO CONDUCT OF PETITIONER
### IMPROPERLY AFFECTING ELECTION

Now comes Employer, Magnolia Screw Products, Inc., by and through its attorneys, Dykema, Gossett, Spencer, Goodnow & Trigg, and objects to conduct of Petitioner which improperly affected the results of the representation election conducted in the above-captioned case November 8, 1974, for the following reasons:

1. A representation election was conducted in the above-captioned case November 8, 1974, with the tally of ballots showing 21 votes cast for Petitioner, 17 votes cast against Petitioner, and one challenged ballot.

2. Shortly before the election, Petitioner made a vague and ambiguous waiver of initiation fees.

3. Shortly before the election, Petitioner deliberately circulated a rumor to the effect that, should Petitioner lose the election, various employees would be laid off by Employer. In addition, this rumor was re-circulated by Petitioner on the very day of the election.

4. Shortly before the election, Petitioner guaranteed to certain employees that various economic and noneconomic campaign promises would automatically be realized should a majority of employees cast ballots in favor of Petitioner.

5. Shortly before the election, Petitioner coercively interrogated certain employees in an effort to determine whether or not said employees would vote in favor of Petitioner.

6. Shortly before the election, Petitioner informed an employee that an unlawful surveillance list of respective employee sympathies either for or against Petitioner was being kept by Petitioner.

7. Shortly before the election, Petitioner deliberately circulated a false rumor to the effect that an employee had been summoned to a front office and threatened with discharge should said employee proselytize on behalf of Petitioner.

8. On the very day of the election, Petitioner deliberately circulated a false rumor to the effect that all employees over a certain age would be laid off should Petitioner lose the election.

9. By all of the foregoing and other acts, whether viewed singly or in combination, Petitioner improperly interfered with the representation election.

WHEREFORE, Employer prays that said election be set aside and a new election be directed herein.

DYKEMA, GOSSETT, SPENCER, GOODNOW & TRIGG

By: _____
Ronald J. Santo
2700 City National Bank Building
Detroit, Michigan 48226
963–6040

Dated: November 15, 1974