**In re Donnie Powell DUGGAN, Debtor.**

**Bankruptcy No. BK2–80–00001.**

United States Bankruptcy Court,
N. D. Texas,
Amarillo Division.

June 24, 1980.

Frederick J. Griffin, Amarillo, Tex., for debtor-appellant.

Thomas A. Bunkley, Jr., Amarillo, Tex., trustee.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

In a significant departure from former law the Bankruptcy Code permits an individual debtor a choice between alternative exemption systems. The debtor may choose the exemptions provided by the Uniform Bankruptcy Exemption, 11 U.S.C. § 522, or he may elect the exemptions to which he is entitled under applicable nonbankruptcy federal and state laws. This Memorandum concerns a situation where the debtor initially filed for exemptions under nonbankruptcy law and thereafter attempted to renounce those exemptions and claim under Section 522.

· Donnie Powell Duggan had filed petition in voluntary bankruptcy on January 3, 1980. He listed in his schedules exempt property consisting of household furniture valued at $500.00 and wearing apparel valued at $750.00, claiming entitlement to those exemptions under the Texas Personal Property Exemption Statute V.A.T.S. Article 3836.

Notice of the Section 341 meeting was timely given. No objections were filed to the claimed exemptions by parties in interest. On February 12, 1980, the Trustee filed his statement, reflecting that he had examined the debtor's scheduled exemptions and had determined that they were lawfully claimed and allowable. That statement effectively approved the claimed exemptions.

At some subsequent date debtor was dismayed to discover that his choice of exemption systems was improvidently made. He concluded that he was entitled to an income tax rebate approximating $4,500.00. He claimed he had no knowledge that he was entitled to that rebate at the time he made his original election and where he claimed exemptions under nonbankruptcy law. On May 1, 1980, he filed a motion, seeking to avoid the Texas exemptions claimed in the schedule and to substitute therefor exemptions under Section 522(d) of the Code, consisting of wearing apparel valued at $400.00, jewelry valued at $350.00, furniture valued at $500.00, and the income tax rebate of $4,500.00.

The choice of systems under which exemptions are claimed is most important to debtor in this case. If he is permitted to switch from nonbankruptcy exemptions to the uniform bankruptcy exemptions he will be entitled not only to the same exemptions which he claimed under the nonbankruptcy exemptions, but has available to him a "wild card" exemption of $400.00 plus any unused portion of the $7,500.00 homestead exemption. Debtor had claimed no homestead exemption and thus he may exempt his aggregate interest, not to exceed $7,900.00 in value, in any property, including, arguably, the subject $4,500.00 income tax rebate. There is no apparent legal theory under which he may recover the income tax rebate as an exemption under nonbankruptcy law.

Section 522 does not specify when the election as to whether the state or federal exemptions will be claimed is to be made. The time period, therefore, will be governed by the Rules of Bankruptcy Procedure. Until a new rule is promulgated the matter must be either covered by Local Rules pursuant to Bankruptcy Rule 927 or by the Rules of Bankruptcy Procedure under the Bankruptcy Act. No local rule has been adopted which treats the subject and thus the only existing authority is Rules of Bankruptcy Procedure under the Act. Two rules compete—the general Rule 110 which permits amendments as a matter of course and the specific Rule 403 which provides for finality concerning exemptions. That latter rule contemplates that the exemptions shall be claimed by the bankrupt in the schedules of his property and that any interested party may file objections to the trustee's report within fifteen days after its filing unless further time is granted by the Court within such fifteen day period. If no objections are filed within the time provided by the Rule the claim to exemptions is deemed approved by the court and the exemptions become final. Rule 403(c). No trustee's report concerning exemptions is contemplated by the Code, but the statement which the trustee has filed fixes a point from which finality may be determined.

Rule 110 appears to apply to those situations where additional assets or liabilities are discovered after the schedules are originally filed. In my opinion the specific rule, Rule 403, concerning time within which claims to exemptions are subject to attack, should prevail.

Applying Rule 403 to the instant case it is apparent that the bankrupt's claim to exemptions under nonbankruptcy law became final long prior to the time he moved to amend and to substitute the federal exemptions for those claimed by him. At some point the right to switch from one system to another must end and there be some finality to a choice. In this case where the decision to change from one exemption system to another was not made

within fifteen days after the trustee's statement of exempt property was filed the debtor's motion was not timely filed and is therefore denied.