**In re Richard Jackson SELMAN, Jr., and Gisela D'Orlando Selman, Debtors.**

**Bankruptcy No. 80–00024J.**

United States Bankruptcy Court,
D. New Mexico.

Dec. 31, 1980.

Linda S. Bloom, Albuquerque, N. M., for debtors.

David F. Boyd, Jr., Albuquerque, N. M., for trustee.

## ORDER

ROBERT A. JOHNSON, Bankruptcy Judge.

This cause was heard on September 22, 1980, on the trustee's Exception to Exemption. Debtors were present by their attorney, Linda S. Bloom; trustee David F. Boyd, Jr., was present in person.

Debtors had claimed on January 10, 1980, in their original bankruptcy petition, an exemption under N.M.Stat.Ann. § 42–10–9 (1978) for their house located in Albuquerque, in the amount of $20,000.00. On May 27, 1980, the Court issued an order approving the sale of debtors' land in Utah for $26,893.50. On May 29, 1980, debtors filed a First Amendment to their joint petition in which they sought to amend their original exemption election from state to federal and to claim the Utah property as exempt under § 522(d)(5) of the Bankruptcy Reform Act of 1978 (hereinafter, the Code). The trustee takes exception to this change of exemption election by the debtors.

While Section 522 of the Code provides for the exemptions that may be claimed by a debtor, it does not specify

when the election of the state or the federal exemptions is to be made. Nor does the section provide time limits for amendment of the exemption election. These time periods, then, are to be determined by the Rules of Bankruptcy Procedure. Until new rules for the Code are promulgated , however, the question is governed either by the Interim Rules or by the Rules under the former Bankruptcy Act. This matter has been addressed by *In re Donnie Powell Duggan*, 4. B.R. 709, 6 B.C.D. 666 (Bkrtcy.N.D.Tex. 1980), in which two competing Rules of Procedure under the Bankruptcy Act were discussed; namely,

> . . . the general Rule 110 which permits amendments as a matter of course and the specific Rule 403 which provides for finality concerning exemptions. That latter rule contemplates that the exemptions shall be claimed by the bankrupt in the schedules of his property and that any interested party may file objections to the trustee's report within fifteen days after its filing unless further time is granted by the Court within such fifteen-day period.

The Court in *Duggan* found that Rule 403 prevails in situations where exemption changes are sought to be made after the fifteen-day period for objections has run. The Court noted that Rule 110 appears to apply to those situations where additional assets or liabilities are discovered after the schedules are originally filed. *Accord, In re Jerry Gene Lowitz*, 3 B.R. 150, 6 B.C.D. 9 (Bkrtcy.N.D.Cal.1980). While *Central Kansas Credit Union v. Lyon*, 6 B.C.D. 343 (D.Kan.1980) relies heavily upon a local rule, the case is worthy of note here.

The crux of the difficulty lies in § 326, which denies to the trustee any compensation on moneys disbursed to the debtor. There is great unfairness in having a trustee diligently take charge of assets not claimed as exempt and reduce the asset to cash, expending considerable time, effort and expense in the process. Then, when the case would be otherwise distributed to creditors, the debtor seeks to amend his exemptions to claim the benefits of the trustee's work, without bearing the burden of the trustee's efforts. Since the statute prohibits paying the trustee a fee and distributing the proceeds to the debtor as exempt, the better view seems to me to be to deny the amended claim of exemption. While this puts a premium upon a careful preparation of the claimed exemptions initially, this seems preferable to permitting the debtor to seize the fruits of victory without any participation in the battle.

Thus debtors' reliance in this case on Rule 110 to support their change in exemption is unfounded and instead debtors should be bound by Rule 403 which creates a fifteen-day period during which objections to exemption must be made and grants approval automatically if no objection is made within the fifteen days.

Therefore, trustee's exception to the amended exemption is upheld.