In the Matter of Judith A.
GADSBY, Debtor.

Bankruptcy No. 79–2307–G.

United States Bankruptcy Court,
D. Massachusetts.

April 1, 1981.

Michael B. Katz, Springfield, Mass., for debtor.

Thomas E. Pitts, Jr., Providence, R. I., for G. Lawrence Gadsby, Jr.

Maurice M. Cahillane, Springfield, Mass., for trustee.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

This matter is before the court upon the motion of the bankrupt, Judith Gadsby, for leave to amend her schedules by adding thereto certain exemptions, which were allegedly omitted by reason of excusable error and neglect. Mrs. Gadsby's ex-husband has filed an objection to that motion and the matter came on for hearing before me in Springfield, Ma. on December 2, 1980.

The essence of the problem before me is that the bankrupt initially failed to include in her schedules as exempt property certain alimony and support obligations owing to her by her former husband, in the amount of approximately, $6,500. Thereafter, her former husband filed for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 101, et seq.) in the Bankruptcy Court for the District of Rhode Island. Mrs. Gadsby then commenced an action to have these obligations excepted from discharge pursuant to Section 523(a)(5) of the Code (11 U.S.C. § 523) in that Rhode Island proceeding. The bankruptcy judge there has ordered that before he will proceed any further on the matter before him, Mrs. Gadsby must first seek and obtain leave of the court to amend her schedules so that she might properly claim her exemptions in this court before she seeks to have those same obligations excepted from discharge in the Rhode Island Court.

The question before me now is whether the bankrupt's motion is timely filed. Her former husband, the defendant in Rhode Island, is objecting to Mrs. Gadsby's motion filed in this court on the basis that said motion is too late, considering that her petition was filed December 26, 1979, her discharge in bankruptcy entered March 5, 1980, and her motion to amend was not filed until November 14, 1980. Having reviewed the applicable law on this matter I am of the opinion that the motion should be allowed.

Bankruptcy Rule 110, still in effect until new Rules are promulgated, states that,

A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed.

This rule is unaffected by any provision in the Bankruptcy Code and remains the guiding principle by which bankruptcy

courts will decide whether to allow amendment of schedules. The language is permissive and allows for amendment of schedules at any time before the case is closed. Thus, on those grounds, the debtor's motion could be allowed.

However, if additional property is claimed as exempt, the trustee in bankruptcy must act thereon in accordance with Rule 403. Rule 403(b) provides,

The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies.

Therefore, upon the institution of a bankruptcy proceeding under the old Act the Trustee would file an exempt property report with the court. Rule 403(c) provides a 15 day period from the date of the filing of the report for objections. Any objections would be noticed and heard, and the court would then rule on the propriety of the claimed exemption. This process is important, for it determines those assets which the trustee must administer and for which he will collect a fee.

Several courts have ruled on similar questions as the one before me now. In *In re Selman*, 7 B.R. 889 (Bkrtcy., D.N.M.1980), relying on the rule of *In re Duggan*, 4 B.R. 709 (Bkrtcy., N.D.Tex.1980), Bankruptcy Judge Johnson pointed out the difficulty in allowing motions to amend schedules, where the amendment is to be an additional claim of exempt property.

The crux of the difficulty lies in § 326, which denies to the trustee any compensation on moneys disbursed to the debtor. There is great unfairness in having a trustee diligently take charge of assets not claimed as exempt and reduce the asset to cash, expending considerable time, effort and expense in the process. Then, when the case would be otherwise distributed to creditors, the debtor seeks to amend his exemptions to claim the benefits of the trustee's work, without bearing the burden of the trustee's efforts.

*In re Selman*, supra 7 B.R. at 890.

In the *Duggan* case, Bankruptcy Judge Brister noted the difference between Rule 110 and Rule 403.

Rule 110 appears to apply to those situations where additional assets or liabilities are discovered after the schedules are originally filed.

*In re Duggan*, supra 4 B.R. at 711.

Conversely, it was held that Rule 403, and its 15 day time limit for objections to the trustee's report would bar a subsequent motion by the debtor to amend schedules in order to claim as exempt property which has been administered by the trustee throughout the proceeding. That rule is a sound one and I would follow it here, but for the circumstances before me now.

In the case at bar, the objecting party to the motion to amend is not the trustee in bankruptcy nor is it a creditor of the bankrupt. It is a Chapter 7 debtor in another court, the former husband of this bankrupt, whose only interest in the motion is as it affects an adversary proceeding in his own bankruptcy case. Therefore, I am not altogether satisfied that he may properly object to the motion here. However, whether or not he can properly object would not change my decision, since I find the "exception" to which the *Duggan* and *Selman* cases referred to be inapplicable here.

As I said at the outset, Rule 110 generally governs amendments to schedules and is permissive in scope. The *Duggan* and *Selman* cases fashioned an exception to that general rule. In both those cases, however, the trustee was the objecting party and the exception to Rule 110 was fashioned in order to prevent injustice to the trustee.

In this case, the trustee has not filed an objection to the motion, even though he was represented by counsel at the December 2nd hearing. There is some question as to whether the trustee has ever received formal notice of the motion, but there is no dispute, and the record of the proceeding

supports my conclusion, that the trustee's counsel was heard on December 2nd and was to file any objection he felt appropriate on or before December 16, 1980. Since no objection was filed, I conclude that in this case the rule of *In re Duggan* can be deviated from, and the general permissive approach of Rule 110 adopted.

Therefore, in accordance with the foregoing memorandum, after due notice and a hearing, it is ORDERED that

The debtors' Motion To Amend Schedule B–4 is hereby GRANTED.