**In re Gary Henry KORFF and Sharon Marie Korff, Debtors.**

**Bankruptcy No. 80–00722.**

United States Bankruptcy Court,
E. D. Michigan,
S. D.—Flint.

Sept. 24, 1981.

Roderick R. Dunham, Howell, Mich., appeared for Robert E. Parker, Parker & Parker, Howell, Mich., for debtors.

Michael Mason, Flint, Mich., for trustee.

## MEMORANDUM OPINION

HAROLD H. BOBIER, Bankruptcy Judge.

*Statement of Facts*

The debtors filed their joint, voluntary petition under Chapter 7 of the Bankruptcy Code in this Court on July 9, 1980. In Schedule B–4 (Property Claimed as Exempt), the debtors claimed their marital home exempt pursuant to section 522(b)(2)(B) of the Bankruptcy Code ("Code"). That section of the Code allows the debtors to claim entireties property exempt if such property is exempt from judicial process under state law. 11 U.S.C. 522(b)(2)(B).

On August 15, 1980, a first meeting of creditors was conducted pursuant to section 341 of the Code and on the same date the trustee filed his acceptance of appointment. Based on a review of the petition and schedules as filed by the debtors as well as his examination during the first meeting of creditors the trustee filed an Objection to Claimed Exemptions on August 21, 1980, claiming that entireties property could not be properly exempted under section 522(b)(2)(B) of the Code.

The trustee's objection was duly set for hearing on September 16, 1980, which was adjourned to October 21, 1980, upon an approved stipulation of the parties. On September 29, 1980, the attorney for the debtors filed a Motion to Dismiss Sharon Marie Korff as a petitioner *if* the trustee's objection was sustained by the Court, or in the alternative, to dismiss the entire petition of the debtors without prejudice.

At the adjourned hearing on trustee's objection to the debtors' claimed exemptions on October 21, 1980, after hearing the arguments presented by the parties, the Court denied the debtors' claimed exemption for entireties property as well as their motion to dismiss Sharon Marie Korff as a petitioner. The attorney for the debtors then made an oral motion in open court to amend Schedule B–4 to claim the federal exemptions. This motion was likewise denied by the Court. An order to this effect was duly entered by the Court on October 27, 1980.

On November 4, 1980, counsel for the debtors filed a motion and brief in support of a rehearing on their motion to amend B–4 to claim the federal exemptions. A rehearing was conducted by the Court on December 2, 1980, and after hearing the arguments of the parties for a second time, stated that the Court would take the issue of whether the debtors could switch their claim for exemptions under state law to the federal exemptions under advisement and would issue a memorandum opinion. Since the order entered on October 27, 1980, was not appealed within the time prescribed by Rules 801 and 802 of the Rules of Bankruptcy Procedure, the issues decided by the Court by that order are *res judicata, U. S. v. Munsingwear,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), except for the motion to amend Schedule B–4 which was preserved by the debtors by their motion for rehearing filed on November 4, 1980.

*Issues*

In their brief in support of their motion for rehearing the debtors state the issues as follows:

1. At what point should a debtor no longer be allowed to amend his exemptions schedule?

2. Should the Korffs in the present case be allowed to amend their exemption schedules?

The real issue involved, however, is whether the debtors shall be allowed to amend their claim for exemptions to treat their marital residence differently than was originally claimed in the Schedule B–4 (Property Claimed as Exempt) as filed along with their original joint petition for relief in this Court. Specifically, the debtors wish to change the election they made to exempt their home as exempt property pursuant to section 522(b)(2)(B) to section 522(d)(1) of the Code. In order to accomplish this end, the debtors would have to be allowed to change their claimed exemptions under state law to those offered by the Code itself.

*Discussion of Law*

The enactment of the new Bankruptcy Code has given debtors a choice of exemptions. They may elect either the state exemptions available to them under applicable state law or they may choose the uniform federal exemptions delineated in the Code. This election is set forth in section 522(b) of the Code which states in its entirety:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law. 11 U.S.C. § 522(b).

The debtors in the present case opted for subparagraph (2) of section 522(b), and accordingly, claimed their marital home as exempt property pursuant to state law as being entireties property which is "exempt from process under applicable nonbankruptcy law." *Id.* § 522(b)(2)(B). In addition to this specific claim for exempt property, the debtors also claimed certain veteran benefits, household furniture and furnishings, wearing apparel, wages and the cash value of certain insurance policies as being exempt. It is clear that these claims for exempt property were timely made pursuant to the applicable statute and court rules.

The reason why the debtors wish to change their claim for exempt property is because *after* the trustee filed his objection to claimed exemptions, the debtors realized that under applicable state law the entireties property was not exempt from process to the extent of the claims of joint creditors. Acting upon this realization, the debtors subsequently filed a motion to dismiss either Sharon Korff as a petitioner, or in the alternative, the entire petition without prejudice. As indicated above, this motion was denied, and since the order has not been appealed the issue is now *res judicata*.

■ It is clear that under applicable state law it is possible for joint creditors to levy on property held by a husband and wife as entireties property. In Michigan, a married woman has the power and capacity to bind herself jointly with her husband on written instruments. M.C.L.A. § 557.53. Likewise, a joint judgment obtained against a husband and wife can be satisfied from any real estate held by them as tenants by the entirety and from any other property

held by them jointly with the right of survivorship. M.C.L.A. § 557.53. The Michigan cases construing these statutory provisions have consistently held that joint creditors may look to joint property for satisfaction of a joint debt. Examples of such cases are *General Electric Company v. Levine*, 50 Mich.App. 733, 213 N.W.2d 811 (1973) (Judgment creditor of husband only cannot execute on entireties property.), *Morris v. Wolfe*, 48 Mich.App. 40, 210 N.W.2d 16 (1973) (Judgment lien creditor can set aside a fraudulent conveyance irrespective of the husband's discharge in bankruptcy.), and *Traverse City State Bank v. Conaway*, 37 Mich.App. 647, 195 N.W.2d 288 (1972) (Entireties property is subject to a joint judgment creditor notwithstanding the fact that the wife signed the promissory note only as an accommodation maker and the husband had obtained a discharge in bankruptcy.). The leading Michigan case sets forth the general rule and policy behind the Michigan statutes as follows:

> The purpose of [M.C.L.A. §§ 557.51–.54] is apparent. Prior to its enactment, a husband and wife whose only property interests were held by them by the entireties had much difficulty in obtaining credit. At common law, neither of them could deal with the estate so held apart from the other. Neither had any interest which could be subjected by creditors so as to affect the rights of the survivor. Under this statute, a written obligation, executed by both of them, may, after recovery of a joint judgment, entered pursuant thereto, be satisfied out of any property held by them by entireties. The statute will be of no benefit to a creditor relying on it as a means of enforcing a joint obligation so created if the husband, by securing a discharge in bankruptcy, may deprive him of his right to a joint judgment against them both. *Edwards & Chamberlin Hardware Company v. Pethick*, 250 Mich. 315, 319, 230 N.W. 186 (1930).

There are at least two federal cases, however, which conflict with the clear pronouncements of the Michigan courts. *See Harris v. Manufacturers National Bank of Detroit*, 457 F.2d 361 (6th Cir. 1972) and *Fetter v. United States*, 269 F.2d 467 (6th Cir. 1959). In each of these cases joint creditors were attempting to execute on entireties property after the husband had received a discharge in bankruptcy. In both of these cases the Court of Appeals for the Sixth Circuit based its decision on the fact that property held by a husband and wife by the entirety does not pass to the trustee in bankruptcy. Although this was true under the Bankruptcy Act, it is no longer the case under the Bankruptcy Code. One of several illustrative cases which point out this vital change in the law is *In re Koehler*, 6 B.R. 203, C.C.H. Bank.L.Rep. ¶ 67,877 (Bkrtcy.M.D.Fla.1980) wherein the court states:

> ... there is no question that property owned by the Debtor co-owner as a tenant by the entireties or a joint tenant or tenant in common are properties of the estate within the meaning of § 541 of the Bankruptcy Code. *See Report of the Committee on the Judiciary House of Representatives to Accompany HR 8200, HR 95595 at 177.*
>
> . . . .

In addition, the House Judiciary Committee in its Report addressed the issue of whether the debtor's interest in entireties property is property of the estate when it stated:

The bill also changes the rules with respect to marital interests in property. . . . . With respect to other co-ownership interest, such as tenancies by the entireties, joint tenancies, and tenancies in common, the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the other rights. The trustee is permitted to realize on the value of the property by being permitted to sell it without obtaining the consent or waiver of rights by the spouse of the debtor or the co-owner, as may be required for a complete sale under applicable State law. The other interest is protected under H.R. 8200 by giving the spouse a right of first refusal at a sale of the property, and by

requiring the trustee to pay over to the spouse the value of the spouse's interest in the property . . . H.Rep. 95–595 at 177.

Thus, it is clear that the interest of the estate under the Code includes any and all properties regardless of whether or not they meet the test of transferability or leviability required by the pre-Code law. *Id.* at 78,698–699.

Therefore, under the Bankruptcy Code, it is clear that the property held by husband and wife as tenants by the entirety constitutes "property of the estate" under § 541 and is subject to liquidation pursuant to § 363(h). This is especially true in the present case since both the husband and wife filed a joint petition under Chapter 7 and the fact that they specifically elected the exemption available under § 522(b)(2)(B) of the Code. That section specifically allows the debtors to use whatever available exemptions in property which is "exempt from process" under state law. As indicated above, the state law clearly allows joint creditors to levy on entireties property. Therefore, the debtors' interest in entireties property, and in all other joint property, is subject to the claims of joint creditors in the administration of the bankruptcy estate. The only limitation to this result is the fact that the debtors are entitled to a homestead exemption pursuant to M.C.L.A. § 600.6023.

Although the case of *Kleinert v. Lefkowitz*, 271 Mich. 79, 259 N.W. 871 (1935) stands for the proposition that under state law there can be only one claim for a homestead exemption (i. e., the maximum of $3,500), this Court has recently held that under the new Bankruptcy Code, each spouse is entitled to claim an exemption. *In re Nichols*, 4 B.R. 711 (B.C.E.D.Mi.1980). *See also* 11 U.S.C. § 522(m). Therefore, the debtors in the instant case are entitled to a homestead exemption pursuant to § 522(b)(2)(B) of the Bankruptcy Code and M.C.L.A. § 600.6023(a)(8) in the aggregate amount of $7,000.

The same conclusion was recently reached by the Court of Appeals for the Fourth Circuit in the case of *In re Cheeseman*, 656 F.2d 60, C.C.H. Bank.L.Rep. ¶ 68,245 (4th Cir. 1981) wherein the court stated:

It does not follow, however, that the states should be left free to classify which bankrupt debtors should be entitled to exemptions when the classification conflicts with federal law. If we were to permit a construction of Virginia law that allows only one householder per residence, the construction would be inconsistent with section 522(m) of the Act, which we interpret as allowing each debtor in a joint case to take some exemptions, whether the amount is determined by state or federal law. (Footnote omitted.) *Id.* at p. 79,422.

With respect to the debtors' motion to amend Schedule B–4 at this late date, this Court has recently expressed its views on amending an election to claim certain exemptions in the case of *In re Houck*, 9 B.R. 460 (B.C.E.D.Mi.1981). In words fully applicable to the present proceedings, this Court stated in *Houck* :

In the present case the debtors did not attempt to amend their claim for exemptions until almost three months after they relinquished possession of the U. S. Savings Bonds to the trustee. Under these facts, it is the opinion of this Court, and it so holds, that the debtors are not entitled to amend schedule B–4 to include the U. S. Savings Bonds, and as a result, to compel the trustee to return them to the debtors. The opposite conclusion would unduly prejudice the heretofore diligent performance of the trustee and the now vested rights of unsecured creditors. *Id.* at 463–464.

The case closest on point is *In re Cobb, et al.*, 3 B.R. 150 (B.C.N.D.Cal.1980) wherein the court addressed the problem of how and when a debtor may change from the state exemptions to the federal exemptions. In *Cobb*, the court concluded that the election between state and federal exemptions must be made before the claim for exemptions becomes final. To use the court's exact words:

It is further found by this court that to both give the debtor some opportunity to

elect and change his election to his best interests and yet to protect the trustee and creditors from harm, it should be determined that the election must be made before a claim of exemption becomes final.

In other words, when a proper claim of exemption under either the state or federal law becomes final by not being amended or objected to for fifteen days or, if there is an objection, when the order eventually becomes final there can be no change. *Id.* at 151. R–403.

In the case of *In re Duggan,* 4 B.R. 709 (B.C.N.D.Tex.1980) the same issue was presented as that which is presently before this Court. The court held in *Duggan* that Rule 403 of the Rules of Bankruptcy Procedure completely controls the method and time in which a debtor may switch from state to federal exemptions. The court in *Duggan* set forth the necessity of following Rule 403 as follows:

> Applying Rule 403 to the instant case it is apparent that the bankrupt's claim to exemptions under non-bankruptcy law became final long prior to the time he moved to amend and to substitute the federal exemptions for those claimed by him. At some point the right to switch from one system to another must end and there be some finality to a choice. In this case where the decision to change from one exemption system to another was not made within fifteen days after the trustee's statement of exempt property was filed the debtor's motion was not timely filed and is therefore denied. *Id.* at 711.

The debtors herein did not attempt to amend their claim for exempt property until after the trustee's objection to their claimed exemptions was granted by this Court and their motion to dismiss either Sharon Korff, or in the alternative, the entire petition without prejudice was denied. The primary basis for this Court's ruling was Rule 403 of the Rules of Bankruptcy Procedure which states in pertinent part:

> Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period. Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objections are by a creditor, to the bankrupt and his attorney. After hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.
>
> . . . .
>
> If no objections are filed within the time provided by this rule, the report shall be deemed approved by the court. On request, the court may at any time and without reopening the case, enter an order approving the report.

The applicability of Rule 403 to the present proceeding is without question in that section 405(d) of the Code specifically preserves the Rules of Bankruptcy Procedure. Subsection (d) of that section states:

> The rules prescribed under section 2075 of title 28 of the United States Code and in effect on September 30, 1979, shall apply to cases under title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded by rules prescribed and effective under such section, as amended by section 248 of this Act. 11 U.S.C. § 405(d).

Clearly, their attempt to now claim an absolute right to amend their Schedule B–4 is for the sole purpose of doing indirectly that which they could not do directly. It is obvious to this Court that the debtors are attempting to circumvent the trustee's diligent administration and liquidation of the estate for the benefit of all creditors.

*Conclusion*

For the reasons set forth above, it is the considered opinion of this Court that the debtors are not entitled to amend their claim for exempt property and that the trustee may forthwith liquidate the estate in accordance with this opinion and pursuant to the statutes in such case as made and provided. A separate order shall be entered in accordance with this opinion. Costs to be taxed to the debtors.