In re Bankruptcy Proceedings of
Lamonte Russell TUTTLE and
Ruth Ella Tuttle, Debtors.

Christopher J. REDMOND,
Trustee, Plaintiff,

v.

Lamonte Russell TUTTLE and Ruth Ella
Tuttle, Defendants.

Civ. A. No. 81–1237.

Bankruptcy No. 79–11883.

United States District Court,
D. Kansas.

Oct. 22, 1981.

Christopher Redmond, Redmond, Redmond & O'Brien, Wichita, Kan., for plaintiff Redmond.

David M. Arnold, Clark & Arnold, Wichita, Kan., for defendants Tuttle.

## MEMORANDUM AND ORDER

KELLY, District Judge.

This is a bankruptcy appeal brought by the appellants, Lamonte and Ruth Tuttle, to overturn an order by the bankruptcy court, 15 B.R. 14, denying their motion to amend their schedule of claimed exempt assets pursuant to Bankruptcy Rule No. 110. By the time of the parties' appellate hearing on August 17, 1981, the trustee had abandoned his appeal of the bankruptcy court's final discharge of the debtors. Consequently, the only issue involved in this appeal is whether the debtors should be allowed to amend their schedule of claimed exempt assets after the expiration of the deadline for objecting to exemptions. This question is governed by two competing statutes and has been decided by other courts inconsistently. After careful consideration of the parties' oral argument and briefs, this court finds the bankruptcy court decision below should be upheld.

· The Tuttles filed their voluntary joint bankruptcy petition on November 28, 1979. With their petition they filed a B–4 Sched-

ule of Property Claimed as Exempt. Their personal property asset schedule, Schedule B–2, did not reveal any bank deposits owned by the debtors. On December 17, 1979, a meeting of creditors was held pursuant to 11 U.S.C. § 341. The notice and order for that meeting was filed November 30, 1979, and this order provided that any objection to the debtors' claims of exempt property should be filed within 15 days of November 30, 1979. No amendment nor objection to the debtors' Schedule B–4 was filed within this 15-day period.

Later, while administering the estate in February 1980, the trustee in bankruptcy discovered that the debtors had $4,563.80 in a joint personal demand checking account at the First National Bank in Quinter, Kansas. On February 14, 1980, the trustee recovered this amount for the estate. However, on February 26, 1980, the Tuttles filed a motion to amend their Schedule B–4 to claim as exempt the $4,563.80. The trustee objected to their motion pursuant to 11 U.S.C. § 522(g). We note here that the parties in their briefs do not discuss whether the appellants can successfully claim the cash as an allowable exemption. Since this ultimate question is not necessary to the Court's decision here, it will not be discussed.

Confusion exists regarding when a schedule of exempt assets can be amended because 11 U.S.C. § 522 does not specify a cutoff point for such amendments. Almost all of the reported decisions containing this problem have included a discussion of former Bankruptcy Rule No. 403(e), which provided that unless "objections" to the trustee's report on exemptions were made within 15 days by the bankrupt after the report was filed, the report was deemed approved automatically by the bankruptcy court. Although no federal rule currently exists controlling the finality of exemption claims, Local Rule 4004 of the U.S. Bankruptcy Court of Kansas provides the same 15 day deadline present in old Rule 403:

> Any party in interest may file a written objection to exemptions claimed by or on behalf of the debtor within 15 days

immediately following the first session of the meeting held pursuant to 11 U.S.C. § 341 unless such time be extended by the court for cause shown before the expiration of said 15-day period. *Absent a timely filing of such objections the property listed in the files and schedules as exempt is automatically determined exempt under 11 U.S.C. § 522(1).* (Emphasis supplied).

The appellant debtors contend that Bankruptcy Rule No. 110 should control here. This rule provides:

> A voluntary petition, *schedule*, or statement of affairs *may be amended as a matter of course at any time before the case is closed.* The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule or statement of affairs to be amended. (Emphasis supplied).

Despite the rather broad language in the above rule allowing a liberal amendment of schedules, most courts in deciding the issue at hand have distinguished the above rule in an attempt to achieve some finality and prompt resolution of the bankruptcy proceeding. *See, e.g., In re Santoro,* 3 B.R. 210, 213 (Bkrtcy.E.D.N.Y.1980), *citing Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). The general rule employed is that "Rule 110 permits an amendment as a matter of course. . . . The amendment should be *seasonably made,* while the property is still being administered by the trustee, *unaffected by adverse rights."* 3 *Collier on Bankruptcy,* ¶ 522.26 at 522–64 (15th ed. 1980) (Emphasis supplied).

Although *Collier* does not define "whose adverse rights" should remain unaffected, the interests of the trustee and creditors are generally discussed. For example, after it was determined that the trustee had relied on the finality of his report on exempted assets to his detriment, one bankruptcy court determined the trustee would be prejudiced by an amendment after the 15-day period for objections had passed. *In re Santoro,* 3 B.R. 210, 212 (Bkrtcy.E.D.N.Y. 1980). Consequently, the bankruptcy court

there held that the bankrupts would not be allowed to amend their schedule of exempt assets. We also note that in two similar cases a late amendment of the schedule of exempt assets was allowed when the asset originally omitted in the schedule was over-looked due to excusable neglect. *In re Boyer*, 7 B.R. 930, 7 B.C.D. 88 (D.Idaho 1981); *In re Burgess*, 1 B.R. 421, 426 (Bkrtcy.N.D. Tenn.1979). However, in both of these decisions the bankruptcy court, in order to avoid prejudice to the trustee, ordered the bankrupts to pay the trustee his costs incurred in the adversary proceeding regarding their motion to amend their Schedule B–4. Both of these courts noted the trustee received no fee out of exempt property recovered for the estate by him, 11 U.S.C. § 522(k), and that to avoid prejudice to the trustee he should be at least reimbursed these costs. *Cf., Matter of Gadsby*, 10 B.R. 199 (Bkrtcy.D.Mass.1981) (amendment of exempt assets schedule allowed where the trustee and creditors did not object).

■ The bankruptcy court in the case at bar relied heavily on its earlier decision in the case of *In re Lyon*, 6 B.C.D. 343 (D.Kan. 1980). Here the bankrupts sought by amendment, after the trustee's report on exempt assets was deemed final, to amend their exempt assets schedule to claim the federal exemptions instead of the state exemptions. The bankruptcy court denied the debtors' request to amend and stated the following rule:

> A change of exemptional selections by debtors could not be permitted after the exemptions have been determined *and* a party in interest has sought affirmative relief based on that determination.

*Id.*, 6 B.C.D. at 345. *See In re Lowitz*, 3 B.R. 150, 6 B.C.D. 9 (Bkrtcy.N.D.Cal.1980).

■ We find that the bankruptcy court's decision in the case at bar should be upheld since it recognizes the strong need for finality in the administration of bankruptcy estates embodied in former Bankruptcy Rule No. 403. The decision below also agreed with the general rule expressed by other courts deciding this issue. *Cf., In re Maxwell*, 5 B.R. 58 (Bkrtcy.N.D.Ga.1980) (no

controlling local rule). Here the interest of the trustee would obviously be adversely affected if the amendment were allowed, since he is compensated for his work by a percentage of the estate he recovers for the creditors alone. *See In re Selman*, 7 B.R. 889 (Bkrtcy.D.N.M.1980). We also agree with the bankruptcy court's denial of the amendment based on the bankruptcy judge's equitable powers. Here the debtors apparently forgot about the $4,563.80 through their own carelessness and neglect. The debtors had deposited this money with their bank, but the money went into a business account which they thought had been closed earlier. Even though the debtors received bank statements showing this amount on deposit prior to the filing of their joint bankruptcy petition, they did not list this amount as an asset of the estate. At the hearing on their motion to amend their Schedule B–4 on October 9, 1980, the debtors contended they simply overlooked this account. Consequently, the bankruptcy court was not clearly erroneous in finding that the debtors' amendment should be barred under the theories of laches and equitable estoppel as well as Local Rule No. 4004. Inherent in the bankruptcy court's decision on the grounds of laches and equitable estoppel is a finding that the debtors were clearly guilty of more than just excusable neglect.

■ The final point raised by the debtors here involves their contention that the bankruptcy court erred in finding that their deposit of the $4,563.80 into the bank was a "transfer." The debtors premised their argument upon 11 U.S.C. § 522(g), which allows a bankrupt to claim as exempt property recovered by the trustee "to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—(1)(A) such transfer was not a voluntary transfer of such property by the debtors; and (B) the debtor did not conceal such property." The bankruptcy judge found that the debtors' bank deposit constituted a "transfer" despite the fact that the bank assigned the money to the debtors' business

account instead of their personal account without their direction. The bankruptcy court cited 11 U.S.C. § 101(40), which broadly defines "transfer" to include ". . . every mode, direct or indirect, absolute or conditional, *voluntary or involuntary*, of disposing of . . . property." (Emphasis supplied). Since the debtors' deposits were clearly the type of transfer contemplated by the bankruptcy code, their final argument raised on appeal must also fail.

IT IS, THEREFORE, ORDERED that the order of the bankruptcy court below shall be affirmed and the appeal of the debtors, Lamonte and Ruth Tuttle, shall be dismissed.