**In the Matter of Dennis Wayne ELDRIDGE and Yvonne Lucille Eldridge, Debtors.**

**Bankruptcy No. 81 B 20023.**

United States Bankruptcy Court, S. D. New York.

Dec. 2, 1981.

Robert B. Schindler, New York City, Trustee.

Dennis Wayne Eldridge and Yvonne Lucille Eldridge, pro se.

## DECISION ON TRUSTEE'S OBJECTION TO AMENDED CLAIM OF EXEMPTION.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy has objected to the debtors' attempt to amend their sched-

ules so as to claim an exemption for a home they own in Gainesville, Florida, which they say is valued at $89,000. The debtors are husband and wife who, on January 15, 1981, filed a pro se voluntary joint petition under Chapter 7 of the Bankruptcy Code, as authorized under Code § 302(a). In Schedule B–4 they chose the bankruptcy-related exemptions authorized under Code § 522(d). Each debtor claimed $1200 in value for one automobile as permitted under subsection (d)(2), for a total of $2400. Additionally they each claimed $7900, for a total of $15,800, as prescribed under subsections (d)(1) and (d)(5). There is no question that each debtor may separately claim the exemptions allowed under Code § 522, since subsection (m) expressly states: "This section shall apply separately with respect to each debtor in a joint case."

In the interim the trustee entered into a contract with a prospective purchaser of the debtors' house in Florida. Thereafter, on September 15, 1981, the debtors filed an amendment of their schedules which purported to change the exemption under Schedule B–4 so as to include the Florida house to the extent of $15,000. The trustee's objections to the proposed amendment is stated as follows:

"1. Such amendment to the debtors' claim of exemptions is time barred; or

2. If such amendment is not time barred, the exemption claimed may not be allowed under 11 U.S.C. § 522(d) because the said real property is not a residence of the debtors within the meaning of 11 U.S.C. § 522(d)(1) of the Bankruptcy Code."

■ The trustee in bankruptcy is both right and wrong, with the result that the debtors are better off without their amendment. Although Bankruptcy Rule 110 permits amendments of petitions, schedules and statements of affairs at any time before the case is closed, consideration must be given to Bankruptcy Rule 403(e), which provides that the debtors' claimed exemptions become final if no timely objections are filed. The debtors did not attempt to amend their exemptions until after the

trustee successfully contracted to sell their Florida house. To permit untimely amendments after the trustee has taken action in the best interests of the estate would simply frustrate the distribution scheme contemplated under the Bankruptcy Code which encourages trustees to act diligently and expeditiously. The debtors cannot at this late stage switch from the federal exemptions under Code § 522(d) to the state exemptions under Code § 522(b). *In re Korff,* 8 B.C.D. 287, 14 B.R. 189 (Bkrtcy.E. D.Mich.1981). *In re Houck,* 9 B.R. 460 (Bkrtcy.E.D.Mich.1981); *In re Duggan,* 4 B.R. 709 (Bkrtcy.N.D.Tex.1980); *In re Cobb,* 3 B.R. 150 (Bkrtcy.N.D.Cal.1980).

The debtors only attempted to claim a $15,000 exemption for their Florida house in their purported amendment, presumably based on what they believed was their equity in the property. However, their original exemption claim, which is effective because of the rejection of the amendment, is scheduled as $15,800. The latter figure will be the maximum allowable, but may be reduced if the debtors' combined equity in the house is less than $15,800 after the satisfaction of existing encumbrances and after deducting "the costs and expenses, not including any compensation of the trustee, of such sale" as prescribed in Code § 363(j).

■ The court rejects the argument that the debtors may not claim up to $15,800 under the combined exemption because the Florida house is not their residence. It is true that Code § 522(d)(1) authorizes each debtor an exemption up to $7500 in a "residence, or in a burial plot for the debtor or a dependent of the debtor." However, under Code § 522(d)(5) each debtor may have a $400 exemption, plus the spillover of any unused amount under subsection (d)(1) "in any property." This court has held that "any property" means just that. *In re Upright,* 1 B.R. 694 (Bkrtcy.N.D.N.Y.1979). See also *In re Smith,* 640 F.2d 888 at 892 (7 Cir. 1981). Therefore, that the debtors do not reside in the Florida house is totally irrelevant to the $15,800 exemption claimed. As this court said in *In re Phelmetta,* 7 B.R. 461 (Bkrtcy.Conn.1980) at page 464:

"Thus, the items of residence or burial plot are surplusage. This exemption was offered to apartment dwellers so as not to discriminate against nonhomeowners. See *House Report No. 95–595*, 95th Cong. 1st Sess. (1977) 361–362, U.S.Code Cong. & Admin.News 1978, 5787, 6317. Hence, since each debtor was entitled to apply Code § 522 separately with respect to their claimed exemptions, as authorized under Code § 522(m), it follows that they are entitled to a total maximum exemption under paragraph (5) of subsection (d) in the sum of $15,800 (twice $7500 plus $400)."

After the trustee sells the Florida house he shall allow the debtors an exemption up to $15,800, but not to exceed their equity, less the encumbrances and costs and expenses of the sale.

IT IS SO ORDERED.