McKAY, Circuit Judge.
 

 Debtors appeal from the denial of their bankruptcy exempt asset schedule amendment. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.
 
 See
 
 Fed. R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 

 LaMonte and Ruth Tuttle filed their joint voluntary bankruptcy petition electing federal exemptions on November 28, 1979. Their schedule of personal assets indicated no cash on hand or in bank accounts. The meeting of creditors required by 11 U.S.C. § 341 (Supp. IV 1980) was held on December 17, 1979. Notice for that meeting provided that objections to the exemption claims had to be filed within fifteen days from the date set for the meeting. No objection or amendment was filed within the fifteen day period.
 

 By a letter dated February 7, 1980, from the First National Bank in Quinter, Kansas, the trustee learned that debtors had $4,563.80 in a joint personal checking account. He recovered this money for the estate on February 14, 1980, and subsequently sent debtors’ attorney a letter seeking an explanation for debtors’ failure to list it on their bankruptcy schedules. Debtors claimed not to have known of the money’s existence, and on February 26, 1980, the day after learning of the trustee’s letter, they filed an amendment to claim the money as exempt. On March 4, 1980, the trustee objected, arguing that the time for amending the schedules had passed.
 

 The bankruptcy court, 15 B.R. 14, denied the amendment, reasoning that under Local Rule 4004, the exemption list becomes final once the fifteen day period for objecting to the exemption claims passes and that under In re Lyon, 6 B.C.D. (CRR) 343 (Bkrtcy.D.Kan.1980), amendment of a final list should not be permitted after an interested party has sought affirmative relief in reliance on the list’s finality. Alternatively, the court held that when property is recovered solely through the trustee and the debtors carelessly and indifferently fail to ascertain and disclose a substantial amount of money, equity requires that they should not be rewarded by the court’s granting the amended exemption claim.
 

 On appeal, the district court, 16 B.R. 470, upheld the bankruptcy court because its procedural ruling recognized the strong
 
 *416
 
 need for finality embodied in Federal Rule of Bankruptcy Procedure 403 and agreed with the general rule of other courts. The district court also held that the bankruptcy court was not clearly erroneous with respect to its equitable ground since the debtors were clearly guilty of more than excusable neglect.
 

 On appeal to this court, debtors argue that Local Rule 4004 is inapposite, that Federal Rule of Bankruptcy Procedure 110 permits amending voluntary schedules as a matter of course any time before the case is closed, and that the only issue for the court to decide is who should be notified of the amendment. In addition, they argue that they are entitled to exempt the property under 11 U.S.C. § 522(g) (Supp. III 1979).
 

 The first question is whether Local Rule 4004 bars amending schedules of exempt property more than fifteen days after the first creditors’ meeting in order to add newly discovered assets.
 
 [1]
 
 The trustee argues that since federal rule 906 prohibits enlarging the time limitations for objecting to exemption claims, Local Rule 4004 should be read to preclude amending, as well as objecting to, exemptions after fifteen days following the first creditors’ meeting. Otherwise, a debtor could amend his exemptions after the fifteen day period had passed, and no one could object.
 

 The Federal Rules of Bankruptcy Procedure promulgated under the Bankruptcy Act of 1898 have continued validity under the Bankruptcy Code of 1978 to the extent that they are consistent with it. 28 U.S.C. § 1471 note (Supp. IV 1980). Rule 110 permits the amendment of voluntary petitions or schedules “as a matter of course at any time before the case is closed.”
 
 [2]
 
 This rule seems to apply particularly to property that is discovered after the original filing.
 
 In re Gadsby,
 
 10 B.R. 199, 200 (Bkrtcy.D.Mass.1981);
 
 In re Duggan,
 
 4 B.R. 709, 711 (Bkrtcy.N.D.Tex.1980). The Advisory Committee Note to rule 110 provides that “[i]f additional property is claimed as exempt by the amendment, the trustee must act thereon in accordance with Rule 403.” Thus, amendments to claim newly discovered property as exempt apparently must conform to the procedures set out in rule 403.
 

 Rule 403 requires that the debtor file exemption claims in the schedule required by rule 108. The trustee must examine the exemption claims and submit a report to the court allowing the lawful claims and disallowing the rest. Any creditor or the debtor may object to the trustee’s report within fifteen days after it is filed, and the court is required to hold a hearing upon notice in order to determine the issues raised by the objections. If no objections are made within the fifteen days, the report is deemed approved by the court. Fed.R. Bankr.P. 403.
 

 The trustee report may no longer be required,
 
 [3]
 
 but we read what remains of rules 110 and 403 to require that the debtor be allowed to amend as a matter of course his exemption claims to include newly found property if the case has not been
 
 *417
 
 closed. Then, any interested party may object to the exemption amendment within fifteen days from the date the amendment is filed.
 
 [4]
 
 If someone does object, the court is to hold a hearing on notice to all interested parties in order to resolve the issues raised by the objections. If no one objects, the amended exemption is allowed.
 

 This procedure is consistent with the Code.
 
 See In re Upright,
 
 1 B.R. 694, 702 (Bkrtcy.N.D.N.Y.1979). The Code’s procedural provision for exempting property is section 522(7), which provides only that “[t]he debtor shall file a list of property that the debtor claims as exempt ... [and ujnless a party in interest objects, the property claimed as exempt on such list is exempt.” 11 U.S.C. § 522(7) (1976). The rules simply fill in the procedural details.
 
 [5]
 

 Applying these principles to this case, debtors learned of the Quinter bank account from the trustee’s letter. They immediately sought to amend their schedules to exempt the $4,563.80 in the account. Since the amendment was made before the case was closed, it must be permitted under rule 110.
 
 [6]
 

 Whether the claims of exemption contained in that amendment will be approved if an interested party timely objects, however, is a separate issue.
 
 [7]
 

 In re Doan,
 
 672 F.2d 831, 833 n. 1 (11th Cir.1982);
 
 In re Burgess,
 
 1 B.R. 421, 424 (Bkrtcy.M.D.Tenn.1979). Property fraudulently transferred out of an estate and later recovered by the trustee cannot then be exempted by the debtor. Indeed, the transfer
 
 [8]
 
 need only be voluntary, not just fraudulent, to preclude exemption. 3 Collier on Bankruptcy ¶ 522.-08(3) (15th Ed.1982). Section 522(g)(1), under which debtors seek to exempt the money, provides that a recovered asset can be exempted to the extent that it could have been exempted had it not been transferred out of the estate if (a) the transfer was not voluntary and (b) the debtor did not conceal the property. 11 U.S.C. § 522(g)(1) (Supp. V 1981).
 

 The only question on appeal is whether the deposits that ended up in the Quinter bank personal account were voluntary. Debtors argue that because the money was ultimately placed in an account that they mistakenly thought was closed, the transfers were not voluntary.
 
 [9]
 

 Debtors made deposits in the Quin-ter bank by checks drawn on an account they had with a bank in WaKeeney, Kansas. However, they included no deposit
 
 *418
 
 slips or other instructions with the checks so that Quinter bank employees were left to decide whether to place the deposits in debtors’ personal or business account. Twenty-seven checks were deposited in this fashion — twenty-five of them were ultimately credited to debtors’ business account and two to their personal account. Since debtors gave no deposit instructions with the checks, the bank is in no way at fault, even though debtors may have intended that all checks be placed in their business account. Debtors were under no legal compulsion to transfer the funds; they had complete control over the decision to deposit the checks and what instructions to include and cannot now claim that the bank’s handling of the deposits renders them something other than voluntary transfers.
 
 [10]
 

 See In re Huebner,
 
 18 B.R. 193, 195 (Bkrtcy.W.D.Wis.1982) (history of section 522(g) indicates that Congress intended to allow exemption of only those transfers beyond debtor’s personal control). We therefore affirm the bankruptcy court’s decision that the money cannot be exempted under 11 U.S.C. § 522(g). Thus, although debtors must be allowed to amend their exemption schedule, the exemption claim itself is denied.
 

 [1]
 

 . Rule 927 authorizes the district courts to make bankruptcy procedural rules that are not inconsistent with the Federal Rules of Bankruptcy Procedure. Fed.R.Bankr.P. 927. Local Rule 4004 provides in pertinent part as follows:
 

 Any party in interest may file a written objection to exemptions claimed by or on behalf of the debtor within 15-days of the conclusion of the first session of the meeting held pursuant to 11 U.S.C. § 341 unless such time be extended by the court for cause shown before the expiration of said fifteen day period. Absent a timely filing of such objection the property listed in the filed schedules as exempt is automatically determined exempt under 11 U.S.C. § 522(1).
 

 [2]
 

 . Rule 110 provides as follows:
 

 A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended. Every amendment under this rule shall he filed in the same number as required of the original paper, and the court shall give notice of the amendment to such persons as it may designate.
 

 [3]
 

 .
 
 See In re Duggan,
 
 4 B.R. 709, 711 (Bkrtcy.N.D.Tex.1980).
 
 But see In re Upright,
 
 1 B.R. 694, 702 (Bkrtcy.N.D.N.Y.1979).
 

 [4]
 

 . See
 
 In
 
 re
 
 Cobb,
 
 3 B.R. 150, 151-52 (Bkrtcy.N.D.Cal.1980), where the court apparently recognized with respect to debtor Morris that the fifteen day period for objecting to amended exemption claims begins running from the date the amendment, not the original claim, was filed.
 

 [5]
 

 . That the procedure outlined
 
 supra
 
 is consistent with the Code is further borne out by examining Proposed Bankruptcy Rule 4003, which requires the debtor to claim the exemptions and allows interested parties to object to them within thirty days after the list or any amendment is filed. Proposed Fed.R.Bankr.P. 4003(a) & (b) (March 1982).
 

 [6]
 

 . We agree with this much of the Third Circuit’s construction of rule 110.
 
 In re Gershenbaum,
 
 598 F.2d 779, 780-81 (3d Cir.1979);
 
 see also In re Doan,
 
 672 F.2d 831, 833 (11th Cir. 1982). Indeed, allowing amendments as a matter of course rather than requiring leave of the court was implicit in the change from General Order 11 to rule 110.
 
 See
 
 Advisory Committee’s Note to Fed.R.Bankr.P. 110.
 

 [7]
 

 . The question is properly before us since the trustee objected to the amended exemption claim on March 4, 1979, well within fifteen days from February 26, 1979, the date the amendment was filed.
 

 [8]
 

 . “Transfer” is broadly defined in 11 U.S.C. § 101(40) to include every means of parting with property or an interest in property, even by deposits in a bank account. S.Rep. No. 989, 95th Cong., 2d Sess. 27,
 
 reprinted in
 
 1978 U.S. Code Cong. & Ad.News 5787, 5813.
 

 [9]
 

 . Debtors maintained separate personal and business checking accounts in the First National Bank of Quinter, Kansas. Bank records show that the balance in debtors’ personal account at the start of the April 12, 1979 business day was $3.81. The records also show that $2,000 were deposited into the account and $2,000 were withdrawn from it on April 12. The $2,000 withdrawal was actually a transfer of funds from the personal to the business account, and debtors claim that they believed this transfer of funds closed out their personal account.
 

 [10]
 

 . We are not here dealing with a case where the transferor’s intent in making the transfer (in this case, that the money end up in debtors’ business account) is frustrated because of a mistake by the bank, and we do not decide whether such a transfer would be voluntary for § 522(g)(1) purposes,