4 F.3d 984
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Davis BURRELL, Plaintiff-Appellant,
v.
Ervin G. LETTERLOUGH, Defendant-Appellee.
Charles Davis BURRELL, Plaintiff-Appellant,
v.
Ervin G. LETTERLOUGH, Defendant-Appellee.
Charles Davis BURRELL, Plaintiff-Appellant,
v.
Ervin G. LETTERLOUGH, Defendant-Appellee.
 Nos. 92-2455, 92-2582, 92-2620.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 20, 1993.
Decided: August 30, 1993.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-602-R, BK-92-45627-T, BK-91-3147-T)
 Charles Davis Burrell, Appellant Pro Se.
 James Joseph O'Connell, III, Richmond, Virginia, for Appellee.
 E.D.Va.
 DISMISSED IN NO. 92-2455 AND DISMISSED IN PART AND AFFIRMED IN PART IN NOS. 92-2582 AND 92-2620.
 Before HALL, PHILLIPS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles Davis Burrell appeals from the district court's orders denying his Motion for a Temporary Restraining Order and a Preliminary Injunction (No. 92-2582), denying his Motion to Consolidate Cases On Appeal (No. 92-2620) and affirming the bankruptcy court's decision of September 3, 1992 (No. 92-2620).[1]
 
 I.
 
 2
 In No. 92-2582, with regards to the district court's order denying Burrell's request for a preliminary injunction, we find no abuse of discretion and affirm. Burrell failed to establish the likelihood of success on the merits and similarly failed to show that he would suffer irreparable harm if the requested injunctive relief was denied. See Telvest,Inc. v. Bradshaw, 618 F.2d 1029, 1032 (4th Cir. 1980). With regards to the order denying the request for a temporary restraining order, we dismiss. See Virginia v. Tenneco, Inc., 538 F.2d 1026, 1029-30 (4th Cir. 1976) (order denying temporary restraining order is nonappealable).
 
 II.
 
 3
 In No. 92-2620, we dismiss Burrell's appeal of the district court's denial of his Motion to Consolidate Appeals because it is interlocutory and is not appealable. Cf. Nolfi v. Chrysler Corp., 324 F.2d 377 (3d Cir. 1963).
 
 
 4
 Furthermore, our review of the record and the district court's opinion discloses that Burrell's appeal of the district court's order affirming the bankruptcy court's decision of September 3, 1992 is without merit.[2] Therefore, we affirm Burrell's appeal from the district court's order dismissing his appeal from the bankruptcy court on the reasoning of the district court Burrell v. Letterlough, No. CA-92-602-R (E.D. Va. Dec. 1, 1992).[3]
 
 III.
 
 5
 In conclusion, we dismiss the appeal from the denial of a temporary restraining order and affirm the district court's denial of Burrell's request for a preliminary injunction. We dismiss as interlocutory the appeal from the denial of Burrell's Motion to Consolidate Appeals. We affirm the district court's order dismissing Burrell's appeal from the bankruptcy court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 92-2455 DISMISSED
 
 6
 No. 92-2582 DISMISSED IN PART; AFFIRMED IN PART
 
 
 7
 No. 92-2620 DISMISSED IN PART; AFFIRMED IN PART
 
 
 
 [1]
 Burrell's appeal docketed as No. 92-2455 is an ineffective Notice of Appeal because it purported to appeal from an oral order of the district court. That oral order was later memorialized and Burrell timely appealed from that order (No. 92-2582). However, because there was no final order in No. 92-2455, we dismiss that appeal as interlocutory
 
 
 [2]
 Burrell raises several new issues on appeal: the automatic stay should not have been lifted; he should have been allowed to examine the truck; Letterlough's judicial lien should have been avoided as a preference; and the bankruptcy judge lacked authority to deny his discharge under Chapter 7. We do not consider new issues on appeal unless the error is plain or unless refusal would result in the denial of fundamental justice. Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir. 1985). The present claims do not warrant such review
 
 
 [3]
 Burrell was not entitled to relief under 11 U.S.C. Sec. 522(f) (1988) because no exemptions were available under Virginia law. In addition, Burrell was not entitled to a hypothetical federal exemption pursuant to Owen v. Owen, 59 U.S.L.W. 4486, 4488-89 (U.S. 1991), because under 11 U.S.C. Sec. 522(g) (1988), a debtor can claim an exemption in property that was brought back into the estate based on a fraudulent transfer only if the transfer was not voluntary and was not concealed. See Redmond v. Tuttle, 698 F.2d 414, 417 (10th Cir. 1983)